UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BALWINDER SINGH,

          Petitioner,

    v.

GERALD MOSS, *et al.*,

          Respondents.

Case No.  1:26-cv-04692  (VC)

**ORDER GRANTING MOTION FOR A TEMPORARY RESTRAINING ORDER AND ENTERING PRELIMINARY INJUNCTION**

Re: Dkt. No. 13

Petitioner filed a Motion for Temporary Restraining Order (Dkt. No. 13) seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"). Petitioner raises claims that are functionally identical to those this Court, and many others within this district, have already addressed in prior orders. Petitioner entered the United States on April 29, 2022, and was taken into custody by the Department of Homeland Security ("DHS"). Dkt. No. 13 at 4. He was subsequently released on his own recognizance, and placed in removal proceedings. *Id*. After his release, Petitioner began living in in the United States and working lawfully as a commercial truck driver. *Id*. On June 1, 2026, ICE officers re-detained Petitioner while he was working. *Id*. Petitioner claims that he has complied with all the conditions of his prior release. *Id*.

Many prior orders within this district are dispositive on the issues raised in the motion for a temporary restraining order. *See, e.g.*, *Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026); *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026); *Jose E.S.M. v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-CV-04100-MWJS, 2026 WL 1537215 (E.D. Cal. June 1, 2026); *Estevez v.*

*Warden*, No. 2:26-CV-00778-JLT-EPG, 2026 WL 905120 (E.D. Cal. Apr. 2, 2026).  For the reasons stated in those cases, Petitioner has shown that he has a strong likelihood of success on the merits of his Petition, that he would continue to be irreparably harmed if his detention continues, and that the balance of the equities and public interest tip in his favor.

Respondents did not provide Petitioner with notice and an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, prior to revoking his release. Petitioner has a clear liberty interest in his continued release. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), and for the reasons identified in the Courts' prior orders, the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

On June 24, 2026, the Court issued an order to show cause on the motion for a temporary restraining order directing Respondents to identify any factual issues which distinguish this case from the Courts' prior orders. Dkt. No. 15. The order also directed Respondents to indicate whether they opposed the conversion of the motion to one seeking a preliminary injunction. *Id*. Respondents did not file an opposition by the Court's deadline (nor as of the date of this order).

As Respondents did not oppose Petitioner's request for emergency relief, or the conversion of his request to a preliminary injunction, the Court converts Petitioner's motion for a temporary restraining order to a preliminary injunction and GRANTS relief.  IT IS HEREBY ORDERED that Respondents immediately release Balwinder Singh from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation custody hearing.  Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence,

2

that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

By July 30, 2025, Respondents are ordered to show cause, in writing, why the Petition for Writ of Habeas Corpus should not be granted and judgment entered in Petitioner's favor. Petitioner may file a reply by August 13, 2026.

**IT IS SO ORDERED.**

Dated: July 2, 2026

_____
VINCE CHHABRIA
United States District Judge

3