UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

BALWINDER SINGH,

Petitioner,

v.

GERALD MOSS, *et al.*,

Respondents.

Case No. 1:26-cv-04692 (VC)

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Balwinder Singh was, at the time this case was filed, detained at the Central Valley Annex pending the resolution of his removal proceedings. He initiated this case by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, in which he alleged that his detention violated both the Due Process Clause of the United States Constitution and the Immigration and Nationality Act. He later moved for a temporary restraining order ("TRO"), Dkt. No. 13, and the court ordered Respondents to show cause why the motion should not be granted and a preliminary injunction entered, Dkt. No. 15. Respondents did not respond to the Order.

Accordingly, the court converted the TRO into a motion for preliminary injunction, granted it, and ordered Petitioner's release on July 2, 2026. *See Singh v. Moss*, No. 1:26-CV-04692 (VC), 2026 WL 1911697 (E.D. Cal. July 2, 2026); Dkt. No. 17. The court enjoined and restrained Respondents from re-detaining Petitioner absent compliance with constitutional protections—including at a minimum pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, as well as a timely hearing at which the government would bear the burden of establishing that Petitioner poses a danger to the

community or flight risk by clear and convincing evidence—except under exigent or urgent circumstances. *Id.* at*1. It further ordered Respondents to show cause why the Petition should not be granted and judgment entered in Petitioner's favor. *Id.* at *2.

Respondents submitted a timely response in which they argue that Petitioner's detention was lawful under 8 U.S.C. § 1225(b)(2)(A). The application of § 1225(b)(2)(A) to authorize detention for non-citizens who were previously released from immigration custody on their own recognizance, as Petitioner was here, has been widely rejected across this circuit, and the Court does the same here. *See Ozturk v. Lyons*, No. 1:26-CV-03484 (VC), 2026 WL 1354540 (E.D. Cal. May 14, 2026).

For the reasons indicated in the Court's order granting a preliminary injunction—and in other cases, *see, e.g., Alauddin v. Chestnut*, No. 1:26-CV-03541 (AMO), 2026 WL 1346863 (E.D. Cal. May 14, 2026); *Ozturk*, 2026 WL 1354540; *Zheng v. Warden*, No. 1:26-CV-03533 (EJD), 2026 WL 1354477 (E.D. Cal. May 14, 2026)—the Petition is GRANTED as to Count Two. And because it is unnecessary to resolve the remaining counts in the petition, the court declines to do so. The preliminary injunctive relief previously granted, Dkt. No. 17, is made permanent. However, the Court clarifies that its order does not prohibit the Government from re-detaining Petitioner in the event he becomes subject to an executable order of removal.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. This order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: August 26, 2026

VINCE CHHABRIA
United States District Judge